IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DANKO, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 21-2052 |
| KILOLO KIJAKAZI, [1] | : | |
| Acting Commissioner of the | : | |
| Social Security Administration, | : | |
|     Defendant. | : | |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                  July 22, 2022

This action was brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), which denied the application of Michael Danko (hereinafter "Danko" or "Plaintiff") for Social Security Disability Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 301, *et seq.* (the "Act"). Presently before the Court is Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br.") (Doc. 7), Defendant's Response to Request for Review of Plaintiff ("Def. Br.") (Doc. 10), Plaintiff's Reply Brief ("Pl. Reply") (Doc. 11) and together with the record of the proceedings before the Administrative Law Judge ("ALJ") and the Appeals Council (hereinafter "R.") (Doc. 6-2). Plaintiff asks the Court to reverse the Commissioner's final administrative decision

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

and award payment of benefits or, alternatively, to remand the matter for additional administrative proceedings (Pl. Br. at 12-13.). Plaintiff's requests are principally based upon his challenges to the reasoning of the ALJ's decision. The Commissioner seeks the entry of an order affirming the decision of the ALJ that Plaintiff was not disabled from his alleged onset date of January 1, 2015, through his date of last insured of March 31, 2015.  (Def. Br. at 3-4).  For the reasons set out below, we affirm the decision of the ALJ.

### I. PROCEDURAL HISTORY

Plaintiff filed an application for DIB program benefits on April 10, 2019, alleging disability since January 1, 2015. As his eligibility for DIB program benefits expired on March 31, 2015, he was required to establish that his disability began on or before that date in order to be found disabled for purposes of the DIB program. His claim was denied initially on June 17, 2019. He requested the decision be reconsidered by submitting a Request for Reconsideration on August 14, 2019. On October 17, 2019, his claim was again denied. On December 16, 2019, Plaintiff requested an administrative hearing before an ALJ, which was held on July 20, 2020, via telephone due to restrictions imposed by the outbreak of Covid-19.  On August 3, 2020, following that hearing, the ALJ issued an unfavorable decision. Plaintiff then requested review in the Appeals Council.  That body, however, denied his request on March 5, 2021, making the ALJ's decision the final determination of the Commissioner. (R. 1-7.)  Plaintiff initiated this suit thereafter.

### II. LEGAL STANDARDS

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). This Court must determine whether substantial evidence

supports the Commissioner's final decision that the claimant was not disabled. 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Rutherford*, 399 F.3d at 552. The Commissioner's factual findings must be accepted as conclusive, provided they are supported by substantial evidence. *Richardson*, 402 U.S. at 390 (citing 42 U.S.C. § 405(g)); *Rutherford*, 399 F.3d at 552. The review of legal questions presented by the Commissioner's final decision, however, is plenary. *Shaudeck v. Commissioner of Social Security Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

**III.    FACTUAL BACKGROUND**

Plaintiff is a college graduate who worked as a handyman and part owner of J&O Construction for sixteen years. (Pl. Br. at 3). Danko worked as a handyman from 1999 to 2015. *Id*. Plaintiff alleges that his obsessive-compulsive disorder ("OCD") and anxiety prevented him from working on or after January 1, 2015. *Id*. Danko submitted evidence that he has experienced symptoms of anxiety dating back from 2010. (Pl. Br. at 5). He was able to manage his symptoms and continued to work until January 2015. As of January 1, 2015, his alleged disability onset date, he was 46 years old and lived with his mother.

Danko believed that he was unable to perform work due to his anxiety and OCD. (R. 35-36.) When Danko himself recounted how his health impacted his ability to work, he described "intrusive thoughts that are disturbing and make it difficult for him to proceed." (R. 41). He also testified that he was unable to walk into certain rooms or go on specific roads. *Id*. He explained that his OCD distracted him, negatively impacted his ability to complete tasks and decreased his motivation

resulting in him experiencing anxiety and depression. (R. 42).

## IV. DECISION UNDER REVIEW

The issue before the ALJ was whether Danko was disabled under sections 216(i) and 223(d) of the Act at any time from the alleged onset date of January 1, 2015, through March 31, 2015, the date he was last insured. The ALJ relied upon the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a). At Step One, she found that Danko had not engaged in substantial gainful activity since the alleged onset date of January 1, 2015, through his date last insured. (R.17, Finding No. 2.) At Step Two, she found that he did not have severe medically determinable impairments that significantly limited his ability to perform basic work activities during that timeframe. (*Id.*, Finding No. 4.) This finding enabled her to conclude that Danko was not disabled during that period, making Steps Three through Five irrelevant. The ALJ acknowledged the severity of Danko's then-current conditions but concluded, based on the review of the record before her, that the severity of those impairments did not manifest themselves until after March 31, 2015. (R. 19-20).

## V. DISCUSSION

Danko asserts that the ALJ's finding is not supported by substantial evidence and argues for the Court to reverse the Commissioner's final decision and remand the case for payment of benefits. (Pl. Br. at 3). He argues that the administrative record demonstrates that his impairments are severe and prevented him from working from his alleged onset date through his date last insured. *Id*. This includes treatment records from after his date last insured, which Danko argues should have been afforded more substantial weight. (Pl. Br. at 6).

### A. The ALJ's finding is supported by substantial evidence.

Danko argues that the ALJ's determination that there is insufficient evidence to approve his disability was not supported by substantial evidence. (Pl. Br. at 3). He bases this upon his review of medical records from before January 1, 2015, and after March 31, 2015, which he contends are ample to show his disability. *Id*.

First, we do not agree that the ALJ determination is unsupported by substantial evidence. As stated above, the Court applies a deferential standard of review when analyzing substantial evidence. It must not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). Here, the ALJ reviewed the submitted evidence from medical providers and concluded that it was insufficient to determine that Danko's anxiety and OCD were severe impairments between January 1, 2015, to March 31, 2015. The ALJ examined the treatment records prior to January 1, 2015, and reasonably concluded that it is "difficult to discern that there was a disabling condition prior to 2015." (R. 20). There was only one note with a diagnosis of Anxiety in 2010, one note of Generalized Anxiety Disorder (GAD) in 2011, but no treatment notes relating to OCD or Anxiety in 2012. (R. 308, 311). On April 25, 2013, Danko complained of anxiety to his Primary Care Physician, Dr. John Zaro, but was never referred for a mental health evaluation or treatment. (R. 297). Plaintiff also did not receive any treatment in 2014, and in 2015 he did not report any mental health concerns during his medical appointment on March 9, 2015. (R. 296). The issues he complained about during the March 2015 visit were "feeling tired and hungry." *Id*. He described "eating more, drinking a lot of soda, and feeling more tired." *Id*. He also expressed being concerned about his mother, but there was no explanation detailing that concern. *Id*. Dr. Zaro assessed that Danko had experienced a weight gain and reported to Danko to stop drinking soda. *Id*.

We appreciate that Plaintiff also offered non-medical evidence in the form of lay testimony. The plaintiff's mother Olga Danko and sister Jacalyn Schaffer testified that his behavior had gotten

worse since January 2015. (R. 57, 61). Ms. Schaffer stated that Danko had a drastic change in early 2015, such as not being able to get out of bed, not eating, and not showering. *Id*. No medical records substantiated those claims. Indeed, after March 31, 2015, there were no records of treatment until his assessment at Central Montgomery Mental Health/Mental Retardation Center on November 27, 2017, nearly three years after he stopped working, and his family claims he experienced a notable change in his condition. (R. 519). This gap in treatment makes it difficult to accept the claims by Plaintiff regarding the severity of his disability during the period at issue. It is reasonable for the ALJ to hold that the record contained insufficient evidence to find for Plaintiff. The ALJ did not make an error in concluding that there is insufficient evidence to establish that Danko had a severe impairment between the alleged onset date and the date he was last insured.

## VI.   CONCLUSION

The ALJ made an appropriate finding with the evidence provided. There are no medical records to establish that Danko had an impairment that was "severe" within the meaning of the Act at any time from the alleged onset date of January 1, 2015, through March 31, 2015, the date he was last insured. We affirm the decision of the ALJ.

An appropriate order will follow.